[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12684

_____

Agency Nos. A97-190-092,
A97-190-093

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2009
THOMAS K. KAHN
CLERK

SUGIHARTINI WIDJAYA,
SUHERMAN TANZIL,
CLIVE ANDERSON HERLAMBANG,
CHRISTOPHER PATRICK HERLAMBANG,

                                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.

_____

Petition for Review of An Order
of the Board of Immigration Appeals

_____

(July 30, 2009)

Before DUBINA, Chief Judge, TJOFLAT, Circuit Judge, and BOWEN,* District
Judge.

_____

*Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of
Georgia, sitting by designation.

PER CURIAM:

Petitioner, Sugihartini Widjaya ("Widjaya"), petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of her appeal from the Immigration Judges's ("IJ") denial of withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3).[1]

Two issues are presented for appellate review:

(1) Whether substantial evidence supports the BIA's finding that Widjaya failed to provide credible evidence of persecution; and

(2) Whether the BIA erred in denying Widjaya's application for withholding of removal.

We review the agency's factual findings for substantial evidence. *See Farquharson v. U.S. Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001). The substantial evidence test requires this court to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). We also review credibility determinations under the substantial

---

[1]Widjaya's husband and children sought derivative relief through her petition. The BIA found Widjaya's asylum application untimely, and we lack jurisdiction to consider a challenge to that determination. 8 U.S.C. §§ 1158(a)(2)(D), 1158(a)(3). Widjaya's husband and children cannot seek withholding of removal or CAT protection derivatively. *Compare* 8 U.S.C. § 1158(b)(3) *with* 8 U.S.C. § 1231(b)(3); *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007). Accordingly, we dismiss the petition for review as to petitioner's husband and children.

evidence standard. *Ruiz v. U.S. Attorney Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Id.* Once the factfinder has made an adverse credibility finding, the applicant bears the burden of showing that the finding was not supported by specific, cogent reasons or was not based on substantial evidence. *Id.* An adverse credibility determination alone can be sufficient to support a denial of asylum. *Id.* However, if the applicant produces evidence in addition to her own testimony, the factfinder has a duty to review that evidence; he may not rely only on the adverse credibility determination in deciding whether to grant asylum. *Id.* In reviewing a final order of removal, we may not disturb the administrative findings of fact unless any reasonable factfinder would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(A),(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 483–84, 112 S. Ct. 812, 815, 817 (1992) (finding that the record must compel a reversal).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we first conclude that the substantial evidence in this case supports the adverse credibility determination. The record supports the IJ's finding that Widjaya could not recall basic facts that should have been readily available to her. Moreover, the record demonstrates several internal

3

inconsistencies within Widjaya's testimony and inconsistencies between Widjaya's application and her testimony. In addition to inconsistencies in her testimony, there were inconsistencies between her assertions and her asylum application and her testimony at the administrative hearing. Such inconsistencies provide substantial evidence to support an adverse credibility determination. *See D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004). In sum, Widjaya has not demonstrated that a reasonable factfinder would be compelled to credit her testimony. *See De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1006 (11th Cir. 2008) (court will not reverse unless the record compels a contrary conclusion); *Ruiz*, 440 F.3d at 1255; *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006).

In order to be entitled to withholding of removal, Widjaya has to prove that she has a well-founded fear of future persecution. *Alim v. Gonzales*, 446 F.3d 1239, 1255 n.7 (11th Cir. 2006). She bears the burden of showing "that it is more likely than not she will be persecuted or tortured upon being returned to her country." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (internal quotations omitted).

4

Widjaya fails to produce evidence that it is more likely than not that she will be persecuted if removed. She presents the same evidence that she submitted in support of her asylum claim. That is not sufficient. Thus, we conclude that she is not entitled to withholding of removal. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005) (nothing that where petitioner fails to establish claim of asylum on merits, his claims for withholding of removal and CAT relief necessarily fail).

For the above-stated reasons, we dismiss the petition for review in part and deny the petition in part.

**PETITION DISMISSED IN PART; DENIED IN PART.**